IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clinton Burns #30564-004, ) | |
| ) | C.A. No. 4:05-3163-HMH-TER |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| John J. Lamanna, Warden, FCI–Edgefield, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Clinton Burns ("Burns"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Rogers recommends dismissing Burns' petition without prejudice. Burns filed objections to the Report and Recommendation. After review and for the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Burns' petition without prejudice.

### I. FACTUAL AND PROCEDURAL HISTORY

Burns is currently incarcerated at FCI–Edgefield. Burns was convicted by a jury of conspiracy to possess crack cocaine with intent to distribute and two counts of possession of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Burns was sentenced to life imprisonment and two-hundred sixty-two (262) months' imprisonment, to be served concurrently, on October 27, 1995. The United States Court of Appeals for the Eleventh Circuit affirmed his conviction on November 7, 1997. See United States v. Turner, 130 F.3d 442 (11th Cir. 1997) (unpublished table decision); Burns v. United States, No. 04-12609, 2005 WL 2656095, at *1 (11th Cir. Oct. 18, 2005) (unpublished). Burns filed a writ of certiorari with the United States Supreme Court on April 20, 1998, which was denied on October 5, 1998. (§ 2241 Addendum 2.)

Burns has a long history of collaterally attacking his sentence, which he recounts in detail on pages 2-4 of the addendum to his § 2241 petition. The highlights are as follows: on October 13, 1999, Burns filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Id. Burns' motion was denied on November 15, 1999. Burns filed two applications for a certificate of appealability before the Eleventh Circuit, which were denied respectively on February 20, 2000, and June 19, 2000. Burns also sought a certificate of appealability before the United States Supreme Court, which was denied on September 28, 2000, and subsequently filed additional motions before the Supreme Court in 2001, which were denied. Burns filed a "Motion for Relief from a Void Judgment" under Federal Rule of Civil Procedure 60(b)(4) and (6) on March 5, 2003. The United States District Court for the Southern District of Florida denied the motion, construing it as an improper successive motion under § 2255. The Eleventh Circuit affirmed the court's denial of the Rule 60 motion on December 30, 2003. Burns v. United States, 90 Fed. Appx. 388 (11th Cir. Dec. 30, 2003) (unpublished table decision).

2

Burns filed the instant petition pursuant to § 2241 on November 10, 2005. The Magistrate Judge recommends dismissing Burns' motion without prejudice on the basis that Burns may not proceed under § 2241. Burns filed objections to the Report and Recommendation on December 7, 2005. Further, Burns filed supplemental case authority in support of his objections on December 8, 2005.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Burns raises numerous objections to the cases cited by the Magistrate Judge in the Report and Recommendation, and essentially argues that the Magistrate Judge erred in concluding that his claims must be brought in a § 2255 motion. Burns reassserts the claims raised in his § 2241 petition and argues that some of the claims are jurisdictional and cannot be waived. (Objections 3-4, 6.) Moreover, Burns contends that the Magistrate Judge ignored his argument that he is "actually innocent" of the sentencing enhancement he received for prior convictions, and that this court lacks the authority to construe his § 2241 petition as a successive § 2255 motion. (Id. 2, 5.) Burns also claims that he cannot meet the requirements to file a successive § 2255 motion as there is neither newly-discovered evidence nor a new

3

rule of constitutional law made retroactive to cases on collateral review. (Id. 5.); see 28 U.S.C. § 2255 (West Supp. 2005).

Burns' objections fail for the simple reason that he has failed to show that he may proceed with his § 2241 petition. Habeas relief pursuant to § 2241 is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999).

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Burns alleges that he cannot proceed under § 2255 because he cannot meet either of the two provisions which allow a second or successive § 2255 motion. However, "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." Id. at 333.

After carefully reviewing the record and Burns' objections, the court finds that Burns cannot meet the Jones test. Thus, Burns has failed to show that a § 2255 motion is inadequate or ineffective to test the legality of his detention, and he may not proceed under § 2241.

Finally, Burns' objection that the court lacks the authority to construe his § 2241 petition as a § 2255 motion, based on Castro v. United States, 540 U.S. 375, 377 (2003), and United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), is without merit, as the court does not dismiss Burns' petition on the basis that it is a successive § 2255 motion. Rather, Burns' petition is dismissed because he has failed to meet the requirements to proceed under § 2241. Therefore, Burns' objections are without merit, and the court adopts the Magistrate Judge's Report and Recommendation and summarily dismisses Burns' petition without prejudice.

It is therefore

**ORDERED** that Burns' petition is dismissed without prejudice.

**IT IS SO ORDERED**.

> s/ Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
January 19, 2006

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.